**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NEKO CURTIS,<br><br>       Plaintiff,<br><br>          v.<br><br>LEXINGTON LAW FIRM,<br><br>       Defendant. | **Case No. 1:19-cv-03373-TWT-LTW** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm ("Lexington Law")[1], by counsel, submits the following Answer to Plaintiff's Complaint ("Complaint").

Lexington Law denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below.  Lexington Law further states that its investigation of the present matter is ongoing.  Accordingly, Lexington Law reserves the right to amend this Answer.  Lexington Law denies any

---

[1] Plaintiff names Lexington Law Firm as the defendant in the Complaint.  The full name is John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm.

and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, Lexington Law states as follows:

## INTRODUCTION

1.      Paragraph 1 of the Complaint contains a general description of the lawsuit to which no response is required.  Lexington Law denies all claims in the Complaint alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

3.      Paragraph 3 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

## PARTIES

4.      Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5.      Paragraph 5 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

6.      Lexington Law admits it is a professional corporation headquartered at 360 North Cutler Drive, North Salt Lake, Utah 84054.

7.      Paragraph 7 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

8.      Paragraph 8 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

## PLAINTIFF'S FACTUAL ALLEGATIONS

9.      Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10.     Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11.     Lexington Law denies the allegations in paragraph 11 of the Complaint.

12.     Lexington Law denies the allegations in paragraph 12 of the Complaint.

13.     Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

14.     Lexington Law denies it placed excessive calls to Plaintiff as alleged in the first part of the allegations in paragraph 14 of the Complaint. Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15.     Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16.     Paragraph 16 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

17.     Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies the same.

18.     Lexington Law is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies the same.

19.     Paragraph 19 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

20.     Lexington Law denies the allegations in paragraph 20 of the Complaint.

21.     Lexington Law denies the allegations in paragraph 21 of the Complaint.

22.     Lexington Law denies the allegations in paragraph 22 of the Complaint.

23.     Lexington Law denies the allegations in paragraph 23 of the Complaint.

### PLAINTIFF'S CLAIM I
### Alleged Violation of the TCPA

24.     Lexington Law incorporates and re-asserts its responses in the above paragraphs as if fully set forth herein.

25.     Lexington Law denies the allegations in paragraph 25 of the Complaint.

26.     Lexington Law denies the allegations in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

28.     Lexington Law denies the allegations in paragraph 28 of the Complaint.

29.     Lexington Law denies the allegations in paragraph 29 of the Complaint.

30.     Lexington Law denies the allegations in paragraph 30 of the Complaint.

31.     Lexington Law denies the allegations in paragraph 31 of the Complaint. Additionally, Lexington Law denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following paragraph 31 of the Complaint.

## PLAINTIFF'S JURY DEMAND

32.     Lexington Law admits that Plaintiff purports to demand a trial by jury. Lexington denies all remaining allegations.

Lexington Law denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure To State A Claim)**

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Lexington Law and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Lexington Law acted in good faith and complied fully with the TCPA and any other applicable statute, regulation, or law.

### THIRD AFFIRMATIVE DEFENSE
**(Proximate Cause/Speculative Damages)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Lexington Law continues to deny, were the direct and proximate result of the conduct of Plaintiff or others for whom Lexington is not vicariously liable, or were otherwise too speculative, remote or *de minimis* for recovery.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure To Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her alleged damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Injury-In-Fact/Standing)

Plaintiff cannot recover from Lexington Law under the Complaint to the extent that she lacks standing and/or has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations or doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Telephone System is Not an ATDS)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Lexington Law because the telephone system allegedly used to contact Plaintiff does not constitute an automatic telephone dialing system ("ATDS") under the TCPA.

## EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to the alleged phone calls and/or text messages within the meaning of the TCPA.

8

## NINTH ADDITIONAL DEFENSE
### (Arbitration)

To the extent Plaintiff has agreed to arbitrate this dispute, the Complaint violates that agreement and this matter should be dismissed and/or stayed pending arbitration.

## TENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Lexington Law reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Lexington Law Firm requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding Lexington Law its costs and expenses incurred herein; and (3) awarding Lexington Law such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document was been prepared in accordance with the type fact and margin requirements of LR 5.1 NDGa, using a font type of Times New Roman, size 14 point.

Dated: September 3, 2019 By:  */s/ Mark J. Windham*
Mark J. Windham
Georgia Bar No. 113194
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Phone: (404) 885-3828
mark.windham@troutman.com

*Counsel for Defendant John C. Heath*
*Attorney at Law, PLLC d/b/a Lexington Law*
*Firm*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2019, this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, which electronically notifies the following:

Dennis R. Kurz, Esq.
KURZ LAW GROUP, LLC
1640 Power Fry Road, Bldg. 17, Ste. 200
Marietta, Georgia 30067
dennis@kurzlawgroup.com

Jacob U. Ginsburg, Esq.
KIMMEL & SILVERMAN, P.C.
30 E. Butler Pike
Ambler, Pennsylvania 19002
mpanasiuk@creditlaw.com

Counsels for Plaintiff

*/s/ Mark J. Windham*